UNITED STATES of America,
Plaintiff—Appellee,

v.

Roy Albert LEWIS, Defendant—
Appellant.

No. 07–10125.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed June 10, 2008.

Gregory V. Davis, Alan Hechtkopf, Washington, DC, for Plaintiff–Appellee.

Roy Albert Lewis, Lompoc, CA, pro se.

Nina Wilder, San Francisco, CA, for Defendant–Appellant.

Before: KLEINFELD and N.R. SMITH, Circuit Judges, and MILLS *, District Judge.

MEMORANDUM **

Roy Albert Lewis appeals his conviction for tax fraud and conspiracy. We affirm.

■ The jury was instructed on both the good faith and the good faith reliance defenses, and the instructions were clear that these were two separate defenses. The instructions made it clear that the government had the burden of proving that Lewis acted willfully and that the defendant had no burden of proving good faith. Taken as a whole, the instructions were not misleading. The district court did not abuse its discretion when it included a good faith reliance on qualified tax accountant jury instruction. The evidence and arguments in this case implicitly raised the defense on behalf of the defendant. The instruction correctly stated the elements of the defense of good faith reliance on a qualified tax accountant. *See United States v. Bishop*, 291 F.3d 1100, 1106–07 (9th Cir.2002). Even if the district court had abused its discretion, any error was harmless.

■ The evidence was sufficient to sustain Lewis' conviction. Although there was some evidence that Lewis acted in good faith, the government presented evidence that, viewed in the light most favorable to the government, could have convinced a reasonable juror that Lewis did not have a good faith belief that he was following the tax laws. The government also presented sufficient evidence that Tower was a single conspiracy of which all the participants were members. The gov-

ernment produced evidence that could convince a reasonable juror that "an overall agreement existed among the conspirators" and that "each defendant knew, or had reason to know, that his benefits were probably dependent upon the success of the entire operation." *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir.1999) (citation omitted). *See also United States v. Fernandez*, 388 F.3d 1199, 1226 (9th Cir.2004).

■ The district court did not abuse its discretion when it admitted evidence of statements made by co-conspirators. The statements were properly admitted as statements made by a co-conspirator under Federal Rule of Evidence 801(d)(2)(E). *See United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir.2000). Furthermore, even if the statements were admitted in error, the error was harmless because the government presented overwhelming evidence of Lewis' guilt.

The district court did not abuse its discretion by limiting the testimony of two defense witnesses. The questions that Lewis sought to ask Dr. Berg were properly excluded under Federal Rules of Evidence 404(a) and 704(b). The questions Lewis sought to ask Dr. Carroll were properly excluded under Federal Rule of Evidence 801.

AFFIRMED.

* The Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.